UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SALERIA C. DUMAS | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3251 |
| MOHAWK FIELD SERVICES, INC. | * | SECTION "J" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Saleria C. Dumas' *Ex Parte* Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). ECF No. 3.

**I.    BACKGROUND**

Plaintiff filed suit against her former employer Mohawk Field Services, Inc. alleging discrimination and harassment based on race and sex. ECF No. 1. Plaintiff's Complaint invokes 28 U.S.C. § 1391 to support venue, alleging that Defendant operates its business within the Eastern District and "[a]ll actions and inactions" occurred within this district. *Id.* ¶ 5. Despite that allegation, Plaintiff now seeks a § 1404(a) venue transfer to the Middle District of Louisiana on the basis that a "substantial part of the events or omissions giving rise to Plaintiff's Title VII claim against Defendants occurred in that district." ECF No. 4 ¶ 2. Plaintiff's motion confirms that Defendant is located in Iberville parish, which is where she performed services and would have been employed but for the alleged misconduct. *Id.* ¶ 1; *see also* ECF No. 1.

**II.   APPLICABLE LAW AND ANALYSIS**

In a Title VII case, a district court has authority to transfer venue under both 28 U.S.C. §§ 1404(a) and 1406.[1] The determination of whether § 1406 or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed. If venue is improper, then §1406

---

[1] *See In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir.2003) ("We note that the last sentence of this special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in this case.").

or Rule 12(b)(3) applies.  If venue is proper, then § 1404(a) applies.  Although defendants typically seek to transfer venue, a plaintiff may also move to transfer under § 1404(a).[2]  And the court may raise the issue *sua sponte,* and it has broad discretion in determining whether to transfer a case.[3]

Plaintiff's Complaint improperly relies on § 1391 to support venue in this Title VII case.  Title VII contains a specific venue provision, 42 U.S.C. § 2000e-5(f)(3), which specific venue provision is exclusive and displaces § 1391's general venue provision.[4]  Proper venue for a Title VII case lies in any judicial district in the state in which (a) the unlawful employment practice is alleged to have been committed; (b) the judicial district in which employment records are maintained; or (c) in the judicial district in which the aggrieved person would have worked but for the unlawful conduct.  42 U.S.C. § 2000e-5(f)(3).  If the defendant is not found within any of those districts, the action may be brought within the judicial district in which the defendant has its principal office.  *Id.*

Based on Title VII's specific venue provision, venue appears proper in the Middle District of Louisiana, but not in this district.  If venue is not proper in this district, transfer under § 1404(a) is unavailable.  Pursuant to 28 U.S.C. § 1406(a), however, when a plaintiff selects an improper venue, a court may either dismiss the action or "if it be in the interest of justice," a court may "transfer such a case to any district or division in which it could have been brought."[5]  Dismissing Plaintiffs' complaint at this point would effectively be a dismissal with prejudice of her Title VII claim as the 90-day period within which to file suit after receipt of the EEOC Notice of a Right to

---

[2] *See Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990) (refusing to afford "transfers initiated by plaintiffs different treatment from transfers initiated by defendants" to avoid "undesirable complications").
[3] *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).
[4] *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (unpublished) ("'The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases.'") (quoting *Pinson v. Rumsfeld*, 192 F. App'x. 811, 817 (11th Cir. 2006); *Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994)).
[5] 28 U.S.C. § 1406(a). *See Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001).

Sue would have expired.[6] In that situation, courts typically employ § 1406(a) transfers to protect the plaintiff against a procedural bar to refiling her claim.[7] This Court likewise finds that transfer of the case pursuant to 28 U.S.C. § 1406(a) is in the interest of justice.

### III. CONCLUSION

The Court finds, based on the allegations of the Complaint as supplemented by Plaintiff's motion to transfer, that venue would be proper in the Middle District of Louisiana where plaintiff worked and the alleged wrongful employment conduct occurred. Accordingly, in the interest of justice, the Court will therefore transfer Plaintiff's claims against Defendant to the Middle District of Louisiana.[8]

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Transfer Pursuant to § 1404(a) (ECF No. 4) is DENIED.

IT IS FURTHER ORDERED that, pursuant to § 1406, and in the interests of justice, this action is TRANSFERRED to the Middle District of Louisiana.

New Orleans, Louisiana, this __7th__ day of November, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[6] 42 U.S.C. § 2000e-5(f)(1).
[7] *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 430 (1965) ("Both federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run."); *Aguacate Consol. Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 524-25 (5th Cir. 1978) (finding transfer of case to advance "the interest of justice and procedural simplification underlying 28 U.S.C. § 1406(a) where part of plaintiff's claim was potentially barred by statute of limitations); *Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 297 (5th Cir. 1963) (recognizing that "the interest of justice" may require a transfer under § 1406(a) to avoid penalizing a plaintiff with "time-consuming and justice-defeating technicalities," in that case, a statute of limitations bar) (internal citation and quotation omitted); *Garcia Hamilton & Assocs., L.P. v. RBC Capital Markets, LLC*, 466 F. Supp. 3d 692, 704 (S.D. Tex. 2020); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (applying heightened standard of review to dismissal without prejudice when statute of limitations likely bars future litigation).
[8] A magistrate judge is authorized to transfer a case of this sort to another district. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).